**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Roberts,<br><br>             Plaintiff,<br><br>v.<br><br>First Acceptance Insurance Company Incorporated, et al.,<br><br>             Defendants. | No. CV-24-02813-PHX-SHD<br><br>**ORDER** |

Pending before the Court are Defendants First Acceptance Insurance Company, Inc. ("First Acceptance Insurance") and First Acceptance Service, Inc.'s ("First Acceptance Service," and collectively, "First Acceptance") Joint Motion to Dismiss (Doc. 5) and Plaintiff Diane Roberts' Motion to Remand (Doc. 14). For the reasons below, the Court denies Roberts' motion to remand and denies First Acceptance's motion to dismiss.

**I.     BACKGROUND**

    **A.     The Accident**

On June 20, 2023, Roberts, an Arizona resident and the primary insured under a First Acceptance Insurance policy, was a passenger in a vehicle driven by First Acceptance's additional insured, Amber Ware. (Doc. 1-1 at 2 ¶ 1; *id.* 5–6 ¶ 16; *id.* at 6 ¶ 21.) While Ware's vehicle was stopped in traffic, another driver, Jesus Jimenez-Guerrero, "failed to control the speed of his vehicle," which resulted in a rear-end collision with Ware's vehicle, injuring Roberts. (*Id.* at 6 ¶¶ 17–18.) Roberts alleges Jimenez-Guerrero was not insured. (*Id.* ¶ 18.)

### B. The Policy

Roberts' automobile insurance policy with First Acceptance Insurance (the "Policy") provided the following coverage: "$25,000 per person and $50,000 per accident, for two vehicles, to cover bodily injury to an insured driver arising from any motor vehicle accident involving the negligence of an uninsured motorist" ("UM"). (*Id.* ¶ 22.) Roberts alleges the Policy "did not contain the required language which 'inform[s] the insured of the insured's right to select one policy or coverage' to apply to a loss as prescribed in A.R.S. § 20-259.01(H) to prevent stacking of UM coverage for each insured vehicle." (*Id.* at 6–7 ¶ 23 (alteration in original).) Nor did First Acceptance "send a letter within thirty days notifying [Roberts] of her right to select one policy of coverage from the insured vehicles to apply to the loss" after it received notice of the accident. (*Id.* at 7 ¶ 27.)

### C. Claim History

On the day of the accident, Roberts made a claim for UM coverage and requested a copy of the Policy. (*Id.* ¶¶ 28–29.) First Acceptance opened a claim "on or about June 27, 2023" but did not "respond to the request for a copy of the Policy." (*Id.* at 7–8 ¶¶ 30–31.)

On October 20, 2023, Roberts demanded "all UM policy limits under the Policy." (*Id.* at 8 ¶ 32.) On October 24, 2023, First Acceptance responded with a letter "falsely claiming the Policy contained language . . . to prevent stacking of the limits per vehicle." (*Id.* ¶ 33.)

Then, on November 1, 2023, First Acceptance "made an offer to settle [Roberts'] UM Claim for $14,337.00," which Roberts alleges was "objectively unreasonable as it was less than [her] incurred medical bills arising from her injuries" and did not account for "compensation for her accompanying pain, suffering, and other general damages." (*Id.* ¶ 34.)

On July 9, 2024, Roberts "again requested a copy of the Policy," but First Acceptance "did not respond to the demand." (*Id.* ¶¶ 35–36.)

## II. PROCEDURAL HISTORY

On August 6, 2024, Roberts filed a Complaint in Maricopa County Superior Court.

(Doc. 1-1 at 14.) She asserted claims for (1) declaratory relief against First Acceptance Insurance that she is entitled to UM coverage under the terms of the Policy, (2) breach of contract against First Acceptance Insurance, and (3) breach of the implied covenant of good faith and fair dealing against both First Acceptance Insurance and First Acceptance Service. (*Id.* at 9–12.) Roberts "claim[ed] damages of $75,000, exclusive of interest and costs." (*Id.* at 5 ¶ 15.)

On October 17, 2024, First Acceptance Service removed the action to this Court. (Doc. 1.) In its Notice of Removal, First Acceptance Service alleged this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, because Roberts is a citizen of Arizona, First Acceptance Insurance is a Texas corporation with its principal place of business in Tennessee, First Acceptance Service is a Delaware corporation with its principal place of business in Tennessee, and "the damages . . . exceed $75,000." (*Id.* at 2.)

On October 24, 2024, First Acceptance filed the Joint Motion to Dismiss. (Doc. 5.) On November 6, 2024, Roberts filed a response, (Doc. 13), and on November 15, 2024, First Acceptance filed a reply, (Doc. 17).

Meanwhile, on November 8, 2024, Roberts filed the Motion to Remand. (Doc. 14.) On November 22, 2024, First Acceptance filed a response, (Doc. 19), and on November 27, 2024, Roberts filed a reply, (Doc. 21).[1]

### III.    MOTION TO REMAND

Roberts moved to remand this action to state court because, she argues, this Court does not have subject matter jurisdiction. (Doc. 14 at 1.) Because the Court's subject matter jurisdiction is implicated, the Court addresses this issue first. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (citation modified)); *id.* (rejecting practice of "'assuming' jurisdiction for the purpose of deciding the merits").

---

[1] Roberts filed a reply and an amended reply on the same day. (Docs. 20, 21.) The Court refers to the amended reply, (Doc. 21), in this Order.

Roberts argues the Court does not have subject matter jurisdiction over this action because she "averred in the underlying State Court Action[] [that] her damages are $75,000 exclusive of interest and costs," so the action "fails to meet the [amount-in-controversy] threshold for diversity jurisdiction under 28 U.S.C. § 1332(a)." (Doc. 14 at 1.) Roberts does not dispute, however, that the parties are completely diverse. (*Id.* at 3.) She also requests attorneys' fees and costs "for being compelled to combat the unwarranted removal of [her] case from State Court causing undue expansion of this litigation." (*Id.* at 4.)

First Acceptance argues the amount-in-controversy requirement is met because Roberts "request[ed] her attorneys' fees, and those fees will equal or exceed $0.01 if they have not already done so." (Doc. 19 at 3.) First Acceptance also argues that, given Roberts "separately requested her attorneys' fees for filing her Motion to Remand, it seems even the instant motion practice pushes the amount in controversy over [the] threshold." (*Id.*)

Roberts disputes that attorneys' fees can cause the amount-in-controversy requirement to be met because the relevant attorney-fee provision under Arizona law makes an award of fees discretionary. (Doc. 21 at 2.) She also argues that her "claim for $75,000 is inclusive of all her damages—including attorney fees." (*Id.* at 3.) But Roberts agrees "the incurred attorneys' fees are likely to be more than one cent, and perhaps a significant sum." (*Id.*)

### A.     Legal Standard

"District courts are courts of limited jurisdiction, and that jurisdiction is defined by federal statute—subject, of course, to constitutional limitations." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025). The main "two kinds of cases" over which Congress has granted jurisdiction are "federal question cases and diversity cases." *Id.* (citation omitted). "For diversity jurisdiction to attach, the suit must be between citizens of different states, and the 'amount in controversy' must exceed $75,000." *Id.* (quoting 28 U.S.C. § 1332(a)). To determine whether the amount-in-controversy requirement is met, courts "look no farther than the pleadings . . . unless from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Shoner*

*v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) (quotation marks omitted). Ultimately, though, the "burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (citation omitted). A removing defendant must meet its burden "by a preponderance of the evidence." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

The Ninth Circuit has "defined the amount in controversy as the amount at stake in the . . . litigation, which includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Sky-Med, Inc. v. FAA*, 965 F.3d 960, 965 (9th Cir. 2020) (quotation marks omitted). "This amount includes, *inter alia*, damages . . . as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). And courts "must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "Thus, the amount in controversy encompasses the total amount claimed in good faith in a proceeding." *Sky-Med*, 965 F.3d at 965. Importantly, "amount at stake does not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (citation modified); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability."). It "reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

**B.     Discussion**

The Court has subject matter jurisdiction over this removed action based on the allegations and relief sought in Roberts' Complaint. *Shoner*, 30 F.4th at 1147 (explaining that analysis begins and ends with the operative complaint). Roberts "claims damages of $75,000, exclusive of interest and costs." (Doc. 1-1 at 5 ¶ 15.) Accordingly, for the amount

in controversy to exceed $75,000, only $0.01 is necessary to tip this action over the threshold, as First Acceptance argues. (Doc. 19 at 2.) *See LVNV Funding LLC v. Gatlin*, 2024 WL 4977385, at *2 (D. Ariz. 2024) (describing the amount in controversy "necessary for diversity jurisdiction" as $75,000.01).

The Court agrees with First Acceptance that Roberts' claimed entitlement to attorneys' fees causes this action to cross the threshold. *Gonzales*, 840 F.3d at 648–49; *Fritsch*, 899 F.3d at 794. Roberts alleges she is "entitled to recover . . . reasonable attorney's fees" under Ariz. Rev. Stat. § 12-341.01, which provides that a court may award attorneys' fees to the "successful party" in a contract action like this one. (Doc. 1-1 at 11 ¶ 63.) Because it is possible First Acceptance would be liable for attorneys' fees if Roberts prevails, *Greene*, 965 F.3d at 772, and because including a fee award would "reflect[] the *maximum* recovery [that Roberts] could reasonably recover," *Arias*, 936 F.3d at 927, Roberts' request for attorneys' fees is added to the $75,000 in claimed damages. That this fee-shifting statute is discretionary does not matter for the amount-in-controversy determination. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]hen an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

Because, as Roberts concedes, attorneys' fees would certainly be more than $0.01, (Doc. 21 at 3), the amount-in-controversy requirement is satisfied. *See Spear v. United Sec. Life & Health Ins. Co. of Ill.*, 2009 WL 10673451, at *2 (D. Ariz. 2009) (holding amount-in-controversy requirement was met because the plaintiffs sought attorneys' fees under Ariz. Rev. Stat. § 12-341.01 and if they prevailed, the attorneys' fees added to their claimed damages would meet the requisite amount).

Roberts' argument that her "claim for $75,000.00 is inclusive of all her damages—including attorney fees," (Doc. 21 at 3), is unpersuasive because this argument is inconsistent with her Complaint. First, Roberts' Complaint claims "*damages* of $75,000," (Doc. 1-1 at 5 ¶ 15 (emphasis added)), and the term "damages" generally does not include attorneys' fees, *see, e.g.*, *Summit Valley Indus. Inc. v. Loc. 112, United Bhd. of Carpenters*

- 6 -

& *Joiners of Am.*, 456 U.S. 717, 722–23 (1982) ("[T]he American Rule presumes that the word 'damages' means damages exclusive of fees."); *Wallace v. Smith in and for Cnty. of Maricopa*, 532 P.3d 752, 755 (Ariz. 2023) ("[A]ttorney fees have been understood as being distinct from damages for at least half a century."). Second, the Complaint alleges Roberts' entitlement to damages and attorneys' fees separately, (*compare* Doc. 1-1 at 11 ¶ 62 (alleging Roberts "incurred direct and consequential damages, including but not limited to, the amount of the unpaid benefits of the Policy and return of all premiums paid by [her]"), *with id.* ¶ 63 ("Pursuant to A.R.S. §§ 12-341 and 12-341.01, Plaintiff is entitled to recover court costs and reasonable attorney's fees.")); *see id.* at 13–14 (requesting damages and attorneys' fees in separate sections in prayer for relief)), suggesting Roberts, too, considers attorneys' fees "as being distinct from damages," *Wallace*, 532 P.3d at 755.

Roberts cannot disavow these allegations now because, as the Supreme Court has explained:

> the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. . . . Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, 293 (1938) (citation modified); *see also Roman v. Travelers Home & Marine Ins. Co.*, 2017 WL 3978706, at *3 (D. Ariz. 2017) (denying motion to remand where the plaintiffs made a "*post hoc* attempt to disavow some of the damages they alleged in the Complaint," noting that "courts refuse to entertain" such attempts); *Wilder v. Bank of Am., N.A.*, 2014 WL 6896116, at *4 (C.D. Cal. 2014) (stating that a plaintiff could not "simply disavow" her allegation "included in her state court complaint" that she sought damages of "not less than $1,500,000" because the "propriety of removal is determined solely on the basis of the pleadings filed in state court" (citation omitted)); *cf. Perez v. Hermetic Seal Corp.*, 2016 WL 5477990, at *2 (C.D. Cal. 2016) ("Plaintiff's counsel cannot now, by claiming that he

made a typographical mistake when filing Plaintiff's Complaint, avoid the ramifications of filing the Complaint inclusive of the alleged mistakes.").

Roberts does not dispute that the parties are diverse, (Doc. 14 at 3), and the record confirms complete diversity, (Doc. 1-1 at 2 ¶ 1 (alleging Roberts is a resident of Arizona); Doc. 8 (alleging First Acceptance Service is a citizen of Delaware and Tennessee); Doc. 9 (alleging First Acceptance Insurance is a citizen of Texas and Tennessee)). Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and therefore denies Roberts' motion to remand. The Court also denies the parties' cursory requests for attorneys' fees and costs, (Doc. 14 at 4; Doc. 19 at 4 (requesting fees and costs under Ariz. Rev. Stat. § 12-349(A))), because neither party's position was objectively unreasonable nor frivolous. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Ariz. Republican Party v. Richer*, 547 P.3d 356, 362 (Ariz. 2024) (holding that a claim is not "groundless" for purposes of Ariz. Rev. Stat. § 12-349(A)(1), an Arizona fee-shifting statute, unless the proponent "can present no rational argument based upon the evidence or law in support of that claim," and even a claim "may lack winning merit without being sufficiently devoid of rational support to render it groundless" (citation omitted)).[2]

### IV. MOTION TO DISMISS

Having determined that it has subject matter jurisdiction over this action, the Court proceeds to address First Acceptance's motion to dismiss. First Acceptance takes issue with Roberts' "allegations suggesting a standard of conduct to be measured by, and obligations created in, the Arizona Claim Practices Act and the related Arizona Administrative Code." (Doc. 5 at 1.) Specifically, First Acceptance requests dismissal of "paragraphs 31, 36, and 38" of the Complaint, in which Roberts "suggests that [First Acceptance's] alleged failure to respond to requests for, or to provide a copy of, the policy violated these provisions," as well as all "claims and allegations referring to and relying

---

[2] The Court declines to penalize First Acceptance for not filing the Maricopa County Superior Court civil cover sheet with the Notice of Removal as Roberts argues was required by the Local Rules, (*see* Doc. 14 at 2; Doc. 21 at 3–4), LRCiv 3.6(b), given that Roberts admits she did not serve this document on First Acceptance, (Doc. 21 at 3). *See* LRCiv 83.6.

- 8 -

upon" them. (*Id.*)

Roberts agrees that the provisions of the Arizona Claim Practices Act and Arizona Administrative Code referenced in those paragraphs "do not create a private right of action," but argues she does not assert claims "based upon violation of [those] insurance provisions." (Doc. 13 at 1–2.) She also argues that she "is entitled to utilize the Arizona Unfair Claims Settlement Practices Act and other provisions governing insurers in the State of Arizona in demonstrating that [First Acceptance's] conduct deviated from the industry standards in support of [her] claims for Breach of Contract and Breach of the Covenant of Good Faith." (*Id.* at 4.)

### A.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, the Court does not accept legal conclusions as true, nor does the Court consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). A "well-pleaded complaint may proceed even if" actual proof of those facts "is improbable[] and . . . a recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

### B.  Discussion

The Court denies First Acceptance's motion to dismiss. "Rule 12(b)(6) dismissal is reserved for testing the *legal* sufficiency of claims, not allegations, asserted in a complaint." *United States v. Cmty. Recovery Res., Inc.*, 2017 WL 2257175, at *14 (E.D.

Cal. 2017). Roberts denies that any of her claims are based on these purportedly objectionable statutes and regulations, (Doc. 13 at 1–2), so granting First Acceptance's motion would be inappropriate at this time. *See Surgical Instrument Serv. Co. v. Intuitive Surgical, Inc.*, 571 F. Supp. 3d 1133, 1140–41 (N.D. Cal. 2021) (holding that "a court dismisses claims, not allegations," and the allegations Defendants argued were "facially deficient" were part of one of the plaintiff's claims, "not a claim in itself"); *cf. Roberts v. Garrison Prop. Cas. & Ins. Co.*, 2021 WL 3909918, at *6 (D. Ariz. 2021) (denying motion in limine to preclude expert from referring to the Arizona Unfair Claims Settlement Practices Act and relevant regulations because, although the statute prohibits a private right of action "based on a violation of the Act or Regulation," the plaintiff did "not argue that she [was] entitled to relief based on a violation of the Act or Regulation" and the expert could "refer to" these provisions "to the extent necessary to explain the facts of [his] opinions" (second alteration in original) (quotation marks omitted)).

Accordingly,

**IT IS ORDERED** that First Acceptance's Motion to Dismiss (Doc. 5) is **denied**.

**IT IS FURTHER ORDERED** that Roberts' Motion to Remand (Doc. 14) is **denied**.

Dated this 17th day of July, 2025.

Honorable Sharad H. Desai
United States District Judge